IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>BEVERLY CARTER, GERMAINE CARTER, TERRI LLOYD, GEORGE DILLARDJR.,<br><br>    Defendants. | 2:22-CV-01010-CCW |

## OPINION AND ORDER

This matter is before the Court upon Defendants Germaine Carter's and George Dillard, Jr.'s failure to respond to this Court's Order to Show Cause why they should not be dismissed with prejudice for failure to prosecute. ECF No. 34. For the following reasons, the Court will *sua sponte* **DISMISS WITH PREJUDICE** Mr. Carter and Mr. Dillard, Jr. from this action.

On July 21, 2022, Plaintiff Metropolitan Life Insurance Company ("Metropolitan Life") filed a Complaint in Interpleader. *See* ECF No. 4. Metropolitan Life asked the Court to determine who is entitled to decedent George Dillard, Sr.'s life insurance benefit ("Death Benefit"). Metropolitan Life named Beverly Carter, Terri Lloyd, Mr. Carter, and Mr. Dillard, Jr. as interpleader claimants. Ms. Carter and Ms. Lloyd have both filed an Answer, claiming entitlement to the Death Benefit. *See* ECF Nos. 9, 35. Neither Mr. Carter nor Mr. Dillard, Jr. have filed any responsive pleading.

On August 4, 2022, Mr. Carter filed a notice of renunciation. ECF No. 6. And, on November 14, 2022, Magistrate Judge Patricia L. Dodge issued an order to show cause, which ordered Ms. Lloyd and Mr. Dillard, Jr. to show why the Death Benefit should not be paid to Ms.

Carter, who at the time had been the only claimant to respond to the Complaint. ECF No. 10. The order to show cause instructed them that a "[f]ailure to respond by December 14, 2022 shall be construed as a renunciation of any and all rights to the Death Benefit." *Id.* at 2. Although Ms. Lloyd ultimately had counsel enter a notice of appearance on her behalf, Mr. Dillard, Jr. did not respond to this Order to Show Cause.

On May 18, 2023, Magistrate Judge Dodge held an evidentiary hearing to determine who is entitled to the Death Benefit. *See* ECF No. 23. Although Mr. Carter appeared, he reiterated that he renounced his interest in the Death Benefit. Mr. Dillard, Jr. failed to appear. *See* ECF No. 23.

On July 31, 2023, Magistrate Judge Dodge referred the case back to the undersigned. *See* ECF No. 24. On August 16, 2023, the undersigned held a status conference to discuss next steps. *See* ECF No. 36. Mr. Carter was present, but he did not dispute that only Ms. Carter and Ms. Lloyd are seeking to be awarded the Death Benefit. Mr. Dillard, Jr., again, failed to appear. *Id.*

Prior to the status conference, on August 9, 2023, the Court issued an Order to Show Cause asking Mr. Carter and Mr. Dillard, Jr. to show cause as to why they should not be dismissed with prejudice for failure to prosecute. *See* ECF No. 34. Neither has responded to this Order to Show Cause and the deadline to do so expired on August 23, 2023. *Id.*

Because Mr. Carter and Mr. Dillard, Jr. have failed to prosecute this case, the Court will now dismiss them with prejudice. Pursuant to Federal Rule of Civil Procedure 41(b), the Court has the discretion to *sua sponte* dismiss parties from an interpleader action for failure to prosecute. *Adm'r-Benefits for Exxon Mobil Sav. Plan v. Williams*, 567 F. App'x 97, 100 (3d Cir. 2014) (affirming a district court's dismissal of a party whose "personal participation in the [interpleader action] had been 'nonexistent'").

Before exercising this authority, the Court considers the six factors set forth in *Poulis v. State Farm Fire & Casualty Co.*:

> (1) the extent of the *party*'s personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

747 F.2d 863, 868 (3d Cir. 1984); *see Nieves v. Thorne*, 790 F. App'x 355, 357 (3d Cir. 2019). "[D]ismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

The Court finds that the *Poulis* factors support dismissal with prejudice. First, neither Mr. Carter nor Mr. Dillard, Jr. have counsel. Therefore, as pro se litigants, they are both personally responsible for their repeated failure to meet deadlines and otherwise comply with Court orders. *See Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). Next, the other named parties in this litigation—Ms. Carter and Ms. Lloyd—claim an entitlement to the Death Benefit, while Mr. Carter and Mr. Dillard, Jr. do not. Thus, keeping Mr. Carter and Mr. Dillard, Jr. in this action, despite their express and implied renunciation of the Death Benefit, prejudices Ms. Carter and Ms. Lloyd by creating uncertainty as to the finality of the Court's ultimate decision. Third, Mr. Carter and Mr. Dillard, Jr. have displayed a history of dilatoriness by failing to meet deadlines, file a responsive pleading, or respond to the Court's Orders to Show Cause. *See* ECF No. 10 (issued nine months ago); *see also* ECF No. 34; *see generally Metro. Life Ins. v. Carter*, No. 22-cv-1010 (no responsive pleading filed despite deadline passing). In addition, Mr. Dillard, Jr.'s conduct is willful because he has not participated in any hearing or status conference despite being ordered to do so on multiple occasions. ECF No 27 (ordering the parties, which include Mr. Dillard, Jr.,

to attend a status conference); ECF No. 21 (scheduling an evidentiary hearing for the parties to determine who is entitled to the Death Benefit); *see Rieder v. Gannon Univ.*, 481 F. App'x 707, 709 (3d Cir. 2012) (a party "personally engage[s] in willful and dilatory conduct" when he fails to respond "despite being ordered to do so twice"). The Court finds that the factor related to willfulness and bad faith is neutral as to Mr. Carter in light of the fact that he did appear for court proceedings, but repeatedly and expressly renounced his interest in the Death Benefit. Next, the Court finds that no alternative sanction would be effective because both parties have indicated that they do not intend to pursue the Death Benefit in this case. Finally, in examining the meritoriousness of their case, the Court finds that dismissal is warranted as to both Mr. Carter and Mr. Dillard, Jr. because they have renounced any and all rights to the Death Benefit.

      In sum, Mr. Carter and Mr. Dillard, Jr. have failed to prosecute this case and nothing in the record suggests that they have any intent to do so. Accordingly, for the foregoing reasons, Mr. Carter and Mr. Dillard, Jr. are **DISMISSED WITH PREJUDICE** for failure to prosecute.

      DATED this 30th day of August, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via United States mail):

Beverly Carter
5621 East Liberty Blvd
Pittsburgh, PA 15206

Germaine Carter
1414 Paden Street
Pittsburgh, PA 15221

George Dillard, Jr.
5172 Broad Street
Pittsburgh, PA 15224